**FILED**

APR 1 6 2012

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FAMILY RESEARCH COUNCIL, INC.,  )
801 G Street, N.W.,  )
Washington, DC  20001  )
)
                              Plaintiff,  )
)
v.  )
)
DEPARTMENT OF THE NAVY,  )
2000 Navy Pentagon  )
Washington, DC  20350-2000,  )
)
                             Defendant.  )
                               )

Case: 1:12-cv-00589
Assigned To : Roberts, Richard W.
Assign. Date : 4/16/2012
Description: FOIA/Privacy Act

## COMPLAINT

Plaintiff Family Research Council, Inc. ("FRC") brings this action against Defendant

United States Department of the Navy to compel compliance with the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.     FRC is a non-profit corporation organized under the laws of the District of

Columbia.   Its principal place of business is 801 G Street, N.W., Washington, DC  20001.   FRC

seeks to advance faith, family, and freedom in public policy and public opinion through policy

research, public education, and grassroots mobilization.

4.      Defendant is an agency of the United States Government and is headquartered at Department of the Navy, 2000 Navy Pentagon, Washington, DC   20350-2000.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On September 14, 2011, the Commander of the Walter Reed National Military Medical Center issued a policy memorandum.   As part of the new policy, Defendant prohibited verifiable 501(c)(3) benevolent organizations from giving away or using religious items, such as a Bible, during a visit with wounded, ill, and injured patients.

6.      On December 13, 2011, Plaintiff sent a FOIA request to Defendant seeking access to:

a)      All records concerning, regarding, or relating to the policy of limiting patient access to Bibles and all other religious materials or artifacts;

b)      All communications with any third parties concerning the policy, including communications during the drafting period;

c)      All records of implementation plans/guidelines of the policy; and

d)      All communications concerning regarding, or relating to the revocation or possible revocation of the policy.

7.      By letter, Defendant acknowledged receiving Plaintiff's FOIA request on December 21, 2011.   Defendant's acknowledgement letter did not state whether a determination to comply with the request had been made.   Nor did the letter notify Plaintiff of any such determination, the reasons therefor, or the right to appeal any adverse determination.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right

to appeal any adverse determination.   Accordingly, Defendant's determination was due by January 23, 2012 at the latest.

9.      As of the date of this Complaint, Defendant has failed to:   (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10.      Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.      Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all

3

non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 13, 2012                                Respectfully submitted,

Michael Bekesha
D.C. Bar No. 995749

Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC   20024
(202) 646-5172

*Counsel for Plaintiff*

4